NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL R. ROBIRDS, | No. 19-71634 |
| Petitioner, | BRB No. 17-0635 |
| v. | |
| ICTSI OREGON, INC.; SIGNAL MUTUAL INDEMNITY ASSOCIATION, | MEMORANDUM[*] |
| Respondents, | |
| DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, | |
| Real Party in Interest. | |

| | |
|---|---|
| ICTSI OREGON, INC.; SIGNAL MUTUAL INDEMNITY ASSOCIATION, LTD., | No. 19-71865 |
| Petitioners, | BRB No. 17-0635 |
| v. | |
| MICHAEL R. ROBIRDS; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, | |
| Respondents. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted March 1, 2021
Portland, Oregon

Before:  PAEZ and WATFORD, Circuit Judges, and TUNHEIM,** District Judge.

We lack jurisdiction to resolve this dispute.  ICTSI Oregon, Inc. previously paid Michael Robirds more than he was entitled to receive, and the amount of that overpayment exceeds the amount of interest Robirds seeks to recover in this proceeding.  ICTSI has waived its right to apply the overpayment to any future modification of Robirds's award.  The Benefits Review Board concluded that ICTSI's waiver did not moot the controversy because without a modification of the compensation order, ICTSI could still retract the waiver.  But ICTSI would be judicially estopped from doing so in any future proceeding.  *See New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001).

Robirds argues that a live controversy remains because the allegedly wrongful conduct—the denial of pre-judgment interest on an assessment under 33 U.S.C. § 914(e)—is likely to recur.  But for that conduct to recur, Robirds would have to again be injured while employed by ICTSI, there would have to be another

***

** The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

dispute over the amount of compensation owed, and ICTSI would have to again fail to pay the disputed amount or controvert the claim in a timely fashion. Given the highly speculative nature of this chain of events, "there is no reasonable expectation that the wrong will be repeated." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953).

Robirds relies on *Moody v. Huntington Ingalls Inc.*, 879 F.3d 96 (4th Cir. 2018), in arguing that the case is not moot. But the gamesmanship by the defendant that led to the decision in that case is not present here. ICTSI waived its right to apply the overpayment to any future modification after the appeal to the Benefits Review Board had been filed but before briefing had been completed. ICTSI offered the waiver not to avoid an imminent (and presumably adverse) decision on the merits, as in *Moody*, but rather to avoid further litigation costs that would undoubtedly exceed the relatively small amount of money in dispute.

We dismiss the petition and cross-petition for lack of jurisdiction. We remand to the Benefits Review Board with instructions to vacate its decision with respect to interest under 33 U.S.C. § 914(e).

**PETITIONS DISMISSED; REMANDED with instructions.**

The parties shall bear their own costs on appeal.